IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

STC Towers, LLC,                                    Case No. 3:17CV419

        Plaintiff

        v.                                          **ORDER**

Nicholas K. Rettig, et al.,

        Defendants

This suit under the Telecommunications Act of 1996, 110 Stat. 56, and Ohio law challenges a township's attempt to regulate the location of a telecommunications tower.

In February, 2017, defendant Nicholas Rettig, the Zoning Inspector of Napoleon Township, Ohio, issued a stop-work order forbidding the plaintiff, STC Towers, LLC, to build a cell tower in the Township. (Doc. 1 at ¶39). Because STC proposed to place the tower in a residential district, Rettig asserted that the Township's zoning code required STC to obtain a conditional-use permit. (*Id.* at ¶38).

STC contends that the Township has no authority to regulate the tower's location. This is so, STC maintains, because state law forbids townships to regulate cell towers unless a township's Fiscal Officer gives notice of the township's intent to do so, and the Fiscal Officer of Napoleon Township gave no such notice. (*Id.* at ¶¶34–37).

STC also alleges that defendants' conduct violates 47 U.S.C. § 332(c)(7)(B) because it "prohibit[s] or ha[s] the effect of prohibiting the provision of personal wireless services." (*Id.* at

¶60). Finally, STC alleges that the defendants tortiously interfered with their business. (*Id.* at ¶¶78–88).

Pending is the defendants' motion for judgment on the pleadings with respect to the Telecommunications Act claim and the accompanying request for a declaratory judgment. (Doc. 9).

Defendants argue that the Telecommunications Act claim is untimely because STC did not sue within thirty days of the Township's "final action or failure to act." 47 U.S.C. § 332(c)(7)(B)(v). And because the declaratory-judgment claim depends on the viability of the Telecommunications Act claim, defendants urge me to dismiss that claim as well.

Jurisdiction is proper under 28 U.S.C. §§ 1331.[1]

For the following reasons, I deny the motion.

**Background**

As I recently explained in *Ottawa Twp. Bd. of Trustees v. New Par, d/b/a Verizon Wireless*, --- F. Supp. 3d ----, 2017 WL 2928156, *1 (N.D. Ohio 2017):

> Ohio law generally forbids townships to regulate cellular communications towers and other public utilities within their jurisdictions. O.R.C. § 519.211(A). But a township's board of trustees may regulate the location and construction of a cell tower if: 1) either a trustee or a person who owns property neighboring the cell-tower site objects; and 2) the township notifies the person building the tower that it will subject the tower to its zoning regulations. O.R.C. §§ 519.211(B)(2), 519.211(B)(4)(a).

In August, 2015, STC notified both the Napoleon Township's Board of Trustees and affected landowners of its intent to build a cell tower on County Road Z. (Doc. 1 at ¶23). On August 15,

---

[1] While I have federal-question jurisdiction over STC's Telecommunications Act claim, it is unclear whether I have jurisdiction over STC's state-law claims. Because STC failed to allege any basis on which I might have jurisdiction over those claims (Doc. 1 at ¶¶16–19), I will order STC to file a jurisdictional statement setting forth the basis for my jurisdiction over counts one, six, and seven of its complaint.

Rettig's predecessor as Zoning Inspector, Hal Luebker, informed STC that the Township "would require the issue of a conditional use permit for the proposed tower." (*Id.* at ¶33).

STC asserted that Luebker's objection was a nullity under O.R.C. § 519.211(B)(4)(a), which requires that "the fiscal officer of the township send the person proposing to construct the tower written notice that the tower is subject to" the township's zoning regulations. (Doc. 1 at ¶¶36–37). The Township's fiscal officer, however, had not issued such notice. (*Id.* at 36).

STC brought the issue to the attention of the Township's counsel, the Prosecuting Attorney of Henry County. (*Id.* at ¶¶41–42).

On November 30, 2015, the Prosecuting Attorney – without acknowledging or addressing the issue of the Fiscal Officer's failure to issue the notice – concluded that "the proposed construction of a wireless telecommunications facility [on] County Road Z, Napoleon, Ohio, is not permitted under the existing Napoleon Township Zoning Regulation." (Doc. 1–20 at 1).

STC continued to discuss the issue with the Township and the Prosecuting Attorney throughout 2016, but the discussions were to no avail. (Doc. 1 at ¶¶44–48).

On January 5, 2017, Rettig sent a letter to STC's attorneys stating that "the Township does not intend to authorize the issuance of a conditional use permit[.]" (Doc. 1–18 at 1). Two weeks later, STC advised Rettig by letter that "Napoleon Township does not have the legal right or authority to regulate" the proposed cell tower. (Doc. 1–23 at 1).

Further discussions continued into February, 2017, but on February 14 Rettig told STC that "the Township is enforcing a stop work order" against STC's project. (Doc. 1–19 at 1). STC then filed this suit on March 1, 2017. (Doc. 1).

3

**Standard of Review**

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be take as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

**Discussion**

The Telecommunications Act of 1996 preserves the authority of state and local governments to regulate "the placement, construction, and modification of personal wireless facilities." 47 U.S.C. § 332(c)(7)(B)(i); *see also Omnipoint Corp. v. Zoning Hearing Bd. of Pine Grove Twp.*, 181 F.3d 403, 407 (3d Cir. 1999) (Alito, J.).

But such regulation must not "unreasonably discriminate among providers of functionally equivalent services" or "prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(I), (II).

"If a zoning board violates these statutory requirements, § 332(c)(7)(B)(v) gives the adversely affected party a cause of action, which is to be decided 'on an expedited basis." *Omnipoint Corp.*, *supra*, 181 F.3d at 407 (internal quotation marks omitted). The aggrieved party must file suit within thirty days after the "final action or failure to act by a State or local government or any instrumentality thereof[.]" 47 U.S.C. § 332(c)(7)(B)(v).

"The relevant 'final action' is the issuance of the written notice of denial, not the subsequent issuance of reasons explaining the denial." *T-Mobile South, LLC v. City of Roswell, Ga.*, --- U.S. ---, 135 S. Ct. 808, 817 n.4 (2015). Action is "final" if it "mark[s] the consummation of the agency's

decision making process" and determines "rights or obligations" or triggers "legal consequences." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

Defendants contend that STC's Telecommunications Act claim is untimely under § 332(c)(7)(B)(v).

According to the defendants, the Township's "final action" was either: 1) the Prosecuting Attorney's letter of November 30, 2015, stating that the Township's zoning code did not permit STC to build the cell tower; or 2) Rettig's letter of January 5, 2017, stating that the Township did not intend to issue a conditional-use permit. (Doc. 9–1 at 2–3).

Because STC did not sue within thirty days of either action, defendants maintain that the claim is untimely.

This argument has no merit.

According to STC's complaint, the company never sought either permission to build the cell tower or a conditional-use permit that would authorize it to place the tower in a residential district. (Doc. 1 at ¶¶25–52). STC did not do so because the Township, having failed to issue notice through its Fiscal Officer that it intended to subject the cell tower to its zoning code – as Ohio law requires, *see* O.R.C. § 519.211(B)(4)(a) – has no authority to regulate the tower.

As noted, however, "final action" is "the written notice of denial[.]" *T-Mobile South*, *supra*, --- U.S. at ---, 135 S. Ct. at 817 n.4.

But with no request for a conditional-use permit or even permission to build the tower pending, neither the Prosecuting Attorney's opinion that the Township's Zoning Code forbade the project nor Rettig's assertion that a conditional-use permit would not be forthcoming qualifies as a "denial." There was, in short, nothing to deny.

5

Rather, it was Rettig's stop-work order, which on February 14, 2017, stated that the Township was bringing the project to a halt, that was a "final action" triggering the statute of limitations. (Doc. 1–19 at 1). Because STC sued within thirty days of the stop-work order, its Telecommunications Act is timely, and its request for declaratory relief remains viable.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Defendants' motion for judgment on the pleadings (Doc. 9) be, and the same hereby is, denied;

2. STC to file, on or before August 15, 2017, a jurisdictional statement setting forth the basis for this court's subject-matter jurisdiction over counts one, six, and seven. If defendants dispute the court's jurisdiction over those claims, they shall file a responsive submission on or before August 30, 2017; and

3. The Clerk shall forthwith set this case for a telephonic status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge